## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

EDGEWOOD COLLEGE, INC.,

        Plaintiff,

    vs.                                                  Civil Action No. 19-CV-552

DEDRA HAFNER and
INNOVATIONS NOW LLC

        Defendants.

## COMPLAINT

Plaintiff Edgewood College, Inc. ("Edgewood"), by its counsel, Michael Best & Friedrich LLP, alleges as follows for its Complaint against Defendants Dedra Hafner ("Ms. Hafner") and Innovations Now LLC ("Innovations Now") (collectively, "Defendants").

### NATURE AND BASIS FOR ACTION

1.    Edgewood is a liberal arts college in Madison, Wisconsin.

2.    Edgewood owns the trademark CUTTING EDGE and uses its mark to provide educational services to individuals with intellectual and developmental disabilities.

3.    Defendants are using Edgewood's CUTTING EDGE trademark, without authorization, to misrepresent their affiliation with Edgewood and to promote educational, consulting, and other services to Edgewood's CUTTING EDGE students and alumni.

4.    Edgewood therefore brings this action for (1) trademark infringement, (2) false designation of origin, and (3) unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as well as (4) common law trademark infringement and unfair competition.

## THE PARTIES

5.     Edgewood is a Wisconsin corporation located at 1000 Edgewood College Drive, Madison, Wisconsin 53711.

6.     Ms. Hafner is a resident of the State of Wisconsin with an address at 610 Gately Terrace, Madison, Wisconsin 53711.

7.     Innovations Now LLC is a Wisconsin limited liability company located at 610 Gately Terrace, Madison, Wisconsin 53711.

8.     On information and belief, Ms. Hafner is the owner and sole member of Innovations Now LLC.

## JURISDICTION AND VENUE

9.     Subject matter jurisdiction is expressly conferred on this Court under 15 U.S.C. §§ 1116 and 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b).  Jurisdiction over the state law claims is also appropriate under 28 U.S.C. § 1376(a) and principles of supplemental jurisdiction.

10.     Personal jurisdiction over Defendants is vested in this Court because Defendants committed the acts complained of herein within this State and Judicial District.

11.     Venue is proper in this Court under to 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendants reside in this jurisdiction, conducted the activity complained of in this Judicial District, and are subject to personal jurisdiction in this Judicial District.

## BACKGROUND

12.     Since at least as early as 2007, Edgewood has used the trademark CUTTING EDGE in connection with an educational program that provides a fully inclusive college experience for individuals with intellectual and developmental disabilities.  Edgewood provides

undergraduate courses of instruction, internships, and practicums to students enrolled in its CUTTING EDGE program.

13.     Edgewood expended a great deal of time, effort, and money to promote its CUTTING EDGE program.

14.     As a result of Edgewood's extensive program promotion, Edgewood acquired valuable goodwill in its CUTTING EDGE mark and consumers recognize Edgewood as the source of services offered under the CUTTING EDGE mark.

15.     Ms. Hafner is the former Director of Edgewood's CUTTING EDGE program.

16.     Edgewood terminated Ms. Hafner's employment in 2018.  She was informed of her termination on June 14, 2018, and her effective separation date was June 30, 2018.

17.     Edgewood recently learned that Defendants are using Edgewood's CUTTING EDGE mark, without authorization, to misrepresent the current status of Ms. Hafner's employment or other affiliation with Edgewood and to promote educational, consulting, and other services to Edgewood's CUTTING EDGE students and alumni.

18.     For example, on information and belief, Defendants control and actively operate the Facebook group at https://www.facebook.com/groups/835039700165599/ titled "Alumni Resource Center thru Cutting-Edge Commons," through which Defendants promote services to Edgewood's CUTTING EDGE students and alumni.



19.     Ms. Hafner's personal Facebook page at https://www.facebook.com/dedra.hafner

identifies her current job title as "Director of Alumni Resource Center at Alumni Resource

Center thru Cutting-Edge Commons, Inc."



20.     On April 30, 2019, Edgewood's counsel sent a letter to Cutting Edge Commons, Inc., the entity for which Ms. Hafner claims to be the Director of an Alumni Resource Center, demanding that Cutting Edge Commons cease unauthorized use of Edgewood's CUTTING EDGE trademark. Cutting Edge Commons agreed to comply with Edgewood's demands and is changing its name to Post College Connections, Inc.  Nevertheless, Defendants continue to promote Cutting Edge Commons and use Edgewood's CUTTING EDGE mark.

21.     A community member recently informed Edgewood that Ms. Hafner misleadingly presented herself as a current Edgewood employee who works in an official capacity for its CUTTING EDGE program.

22.     Innovations Now filed U.S. federal trademark Application No. 88147822, alleging current use of the trademark CUTTING-EDGE in connection with "consulting services about education; Education services, namely, providing classes, programs, and seminars in the fields of educational services for students with intellectual and developmental disabilities; Educational services, namely, developing curriculum for others in the field of educational program development and occupational guidance for students with intellectual and developmental disabilities."

23.     Innovations Now filed Opposition No. 91248835 against Edgewood's U.S. federal trademark Application No. 88110402 for CUTTING EDGE.  In its Notice of Opposition, Innovations Now alleged current use of the trademark CUTTING-EDGE.

24.     On information and belief, Defendants' unauthorized use of Edgewood's CUTTING EDGE mark created actual consumer confusion as to whether Edgewood is the source of services offered or rendered by Defendants or whether Edgewood approves of or is otherwise affiliated with Defendants and their services.

25.     Defendants' actions caused irreparable damage and injury to Edgewood and, if permitted to continue, will further damage and injure Edgewood, its CUTTING EDGE mark, the goodwill it enjoys that is associated with its CUTTING EDGE mark, and the public interest in freedom from confusion.

26.     Defendants' unauthorized use of Edgewood's CUTTING EDGE mark is likely to cause confusion, mistake, or deception as to the source or origin of Defendants' services and is likely to falsely suggest an association, sponsorship, license, or other connection between Edgewood and Defendants, thereby further injuring Edgewood and the public in general.

27.     Edgewood has no adequate remedy at law.

## COUNT ONE
## FEDERAL TRADEMARK INFRINGEMENT

28.     Edgewood realleges and reincorporates the foregoing paragraphs as though fully set forth herein.

29.     Edgewood's rights in and to the CUTTING EDGE mark are superior to any purported rights Defendants hold and Edgewood has priority.

30.     Defendants' unauthorized use of the CUTTING EDGE mark is likely to cause confusion, mistake, or deception as to the source or origin of Defendants' services, or suggest an affiliation, connection, or association of Defendants' services with Edgewood, or the approval of Defendants' services by Edgewood, and thus constitutes trademark infringement in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

31.     Defendants' actions took place with full knowledge of Edgewood's CUTTING EDGE mark and, therefore, were intentional, deliberate, and willful.

32.     Edgewood was irreparably harmed by Defendants' actions and the irreparable harm will continue unless Defendants' infringing conduct is enjoined by this Court.

33. Defendants' actions caused damage to Edgewood in an amount to be determined at trial.

## COUNT TWO
## FEDERAL FALSE DESIGNATION OF ORIGIN

34. Edgewood realleges and reincorporates the foregoing paragraphs as though fully set forth herein.

35. Edgewood's rights in and to the CUTTING EDGE mark are superior to any purported rights Defendants hold and Edgewood has priority.

36. Defendants' unauthorized use of the CUTTING EDGE mark is likely to cause confusion, mistake, or deception as to the source or origin of Defendants' services, or suggest an affiliation, connection, or association of Defendants' services with Edgewood, or the approval of Defendants' services by Edgewood, and thus constitutes false designation of origin in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

37. Defendants' actions took place with full knowledge of Edgewood's CUTTING EDGE mark and, therefore, were intentional, deliberate, and willful.

38. Edgewood was irreparably harmed by Defendants' actions and the irreparable harm will continue unless Defendants' infringing conduct is enjoined by this Court.

39. Defendants' actions caused damage to Edgewood in an amount to be determined at trial.

## COUNT THREE
## FEDERAL UNFAIR COMPETITION

40. Edgewood realleges and reincorporates the foregoing paragraphs as though fully set forth herein.

41.     Edgewood's rights in and to the CUTTING EDGE mark are superior to any purported rights Defendants hold and Edgewood has priority.

42.     Defendants' unauthorized use of the CUTTING EDGE mark is likely to cause confusion, mistake, or deception as to the source or origin of Defendants' services, or suggest an affiliation, connection, or association of Defendants' services with Edgewood, or the approval of Defendants' services by Edgewood, and thus constitutes unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

43.     Defendants' actions took place with full knowledge of Edgewood's CUTTING EDGE mark and, therefore, were intentional, deliberate, and willful.

44.     Edgewood was irreparably harmed by Defendants' actions and the irreparable harm will continue unless Defendant's infringing conduct is enjoined by this Court.

45.     Defendants' actions caused damage to Edgewood in an amount to be determined at trial.

### COUNT FOUR
### COMMON LAW TRADEMARK INFRINGEMENT
### AND UNFAIR COMPETITION

46.     Edgewood realleges and reincorporates the foregoing paragraphs as though fully set forth herein.

47.     The acts of Defendants complained of herein constitute common law trademark infringement, unfair competition, and misappropriation of Edgewood's goodwill under the laws of the State of Wisconsin.

### PRAYER FOR RELIEF

Edgewood demands judgment in its favor on each and every claim for relief set forth above and an award for relief including, but not limited to, the following:

1.      An injunction permanently enjoining Defendants and their employees, agents, and
representatives:

    a.      From using CUTTING EDGE or any variation or any other colorable
imitation thereof that is likely to cause confusion with Edgewood's
CUTTING EDGE mark or any other trademark owned by Edgewood;

    b.      From distributing, promoting, rendering, and selling any services or
products under the CUTTING EDGE mark or any variation or any other
colorable imitation thereof that is likely to cause confusion with
Edgewood's CUTTING EDGE mark or any other trademark owned by
Edgewood;

    c.      From representing by any means whatsoever, directly or indirectly, that
Defendants, any services or products offered by Defendants, or any
activities undertaken by Defendants are authorized, sponsored, or licensed
by Edgewood or otherwise associated or connected in any way with
Edgewood; and

    d.      From passing off any of Defendants' services or products as originating
from, associated with, or sponsored by Edgewood.

2.      An Order requiring Defendants to immediately destroy all goods, advertisements,
literature, and other written or printed material which bear the CUTTING EDGE
mark.

3.      An Order directing Defendants to file with this Court and serve on Edgewood's
attorneys, thirty (30) days after the date of entry of any injunction, a report in

writing and under oath setting forth in detail the manner and form in which it has complied with the injunction.

4.     An Order requiring Defendants to account for and pay to Edgewood any and all profits arising from the foregoing acts of infringement, false designation of origin, and unfair competition in accordance with 15 U.S.C. § 1117 and other applicable statutes and laws.

5.     An Order requiring Defendants to pay to Edgewood compensatory damages in an amount to be determined caused by the foregoing acts of infringement, false designation of origin, and unfair competition in accordance with 15 U.S.C. § 1117 and other applicable statutes and laws.

6.     An Order requiring Defendants to pay Edgewood's costs and attorney fees in this action pursuant to 15 U.S.C. § 1117 and other applicable statutes and laws.

7.     Other relief as this Court deems just and equitable.

Dated this 8th day of July, 2019.     **MICHAEL BEST & FRIEDRICH LLP**

By:   /s/ Shane A. Brunner
     Shane A. Brunner, SBN 1034128
     Laura M. Konkel, SBN 1078880
     One South Pinckney Street, Suite 700
     Madison, WI  53703
     Phone:  608.257.3501
     Fax:  608.283.2275
     Email:  sabrunner@michaelbest.com,
     lmkonkel@michaelbest.com

Attorneys for Plaintiff, Edgewood College, Inc.